UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCINE DIANE MARSHELL,<br><br>                Plaintiff,<br><br>     v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>                Defendant. | Case No. CV 15-04552-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

**PROCEEDINGS**

On June 16, 2015, Francine Diane Marshell ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Social Security Disability Insurance benefits. The Commissioner filed an Answer on September 17, 2015. On January 25, 2016, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

**BACKGROUND**

Plaintiff is a 62-year-old female who applied for Social Security Disability Insurance benefits on August 13, 2012, alleging disability beginning March 12, 2012. (AR 11.) The ALJ determined that Plaintiff has not engaged in substantial gainful activity since March 12, 2012, the alleged onset date. (AR 13.)

Plaintiff's claim was denied initially on November 16, 2012, and on reconsideration on May 9, 2013. (AR 11.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Sherwin Biesman on May 7, 2014, in Los Angeles, California.[1] (AR 11, 58-69.) Claimant appeared and testified at the hearing and was represented by Ms. Allie (AR 58, 60). A supplemental hearing was held before ALJ John W. Wojciechowski on August 18, 2014, in Long Beach, California. (AR 11.) Plaintiff appeared and testified at the supplemental hearing and was represented by an attorney. (AR 11, 32.) Vocational expert ("VE") Ronald K. Hatakeyama also appeared and testified at the supplemental hearing. (AR 11.)

The ALJ issued an unfavorable decision on October 24, 2014. (AR 11-22.) The Appeals Council denied review on April 21, 2015. (AR 1-3.)

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1. Whether the ALJ properly weighed the medical opinion evidence in determining Plaintiff's residual functional capacity.
2. Whether the ALJ properly evaluated Plaintiff's credibility.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846

---

[1] That hearing was continued for further development of the record. The Claimant submitted additional treatment records and a supplemental hearing was held on August 18, 2014. (AR 11.)

(9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must

3

determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since March 12, 2012, the alleged onset date. (AR 13.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: right knee degenerative joint disease; obesity; and asthma. (AR 13-14.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 14.)

The ALJ then found that Plaintiff has the RFC to perform a range of sedentary work as defined in 20 C.F.R. § 404.1567(a) and SSR 83-10, with the following limitations:

> Claimant can lift and/or carry at least 10 pounds occasionally and less than 10 pounds frequently; she can stand and/or walk for two hours out of an eight-hour workday; she can sit for six hours out of an eight-hour workday with customary breaks; she can occasionally climb, balance, stoop, kneel, crawl, or crouch; she cannot use ladders, ropes or scaffolds; she must avoid concentrated exposure to extreme heat, cold and pulmonary irritants; and Claimant is precluded from all exposure to industrial hazards.

(AR 14-21.) In determining the above RFC, the ALJ made an adverse credibility determination. (AR 16.)

At step four, the ALJ found that Plaintiff is able to perform her past relevant work as a data entry technician. (AR 21-22.)

Consequently, the ALJ found that Claimant was not disabled, within the meaning of the Social Security Act. (AR 22.)

## DISCUSSION

The ALJ decision must be affirmed. The ALJ properly considered the medical evidence and properly discounted the severity of Plaintiff's subjective symptoms. The ALJ's RFC is supported by substantial evidence.

### I. THE ALJ PROPERLY CONSIDERED THE MEDICAL EVIDENCE

Plaintiff contends that the ALJ erred in rejecting the opinions of her treating physicians, Dr. Hoang and Dr. Hill. The Court disagrees.

5

### A. Relevant Federal Law

The ALJ's RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses, and subjective symptoms. See SSR 96-5p; 20 C.F.R. § 1527(e). In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition. Robbins, 446 F.3d at 883.

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians). See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester, 81 F.3d at 830. However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record. Lester, 81 F.3d at 830-31; see also Orn, 495 F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002). Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings. See Andrews v.

Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632. Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it. Id. However, "[t]he opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician"; such an opinion may serve as substantial evidence only when it is consistent with and supported by other independent evidence in the record. Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

**B.  Analysis**

Plaintiff alleges disability due to pain in her neck, back, and knees. (AR 15.) She claims she cannot lift more than 15 pounds, stand or walk for more than 30 minutes, or sit for more than 10 minutes at a time. (AR 15.) She asserts she has been prescribed a cane. (AR 15.) She also claims her multiple pain medications affect her ability to focus. (AR 15.)

The evidence shows degenerative joint disease of the right knee. (AR 13, 16.) On April 26, 2012, she underwent right knee arthroscopy. (AR 16.) She also was obese (AR 13, 16) but underwent bariatric surgery in 2013. (AR 15.) Despite claims of disabling symptoms, the ALJ assessed a sedentary RFC with limitations. (AR 14.) These limitations include lifting no more than 10 pounds occasionally, standing and walking for two hours in an eight hour workday, and sitting for six hours in an eight-hour workday. (AR 14-15.)

In determining the above RFC, the ALJ rejected some or all of the opinions of Plaintiff's two treating physicians, Dr. Hoang and Dr. Hill. Dr. Hoang completed a statement dated November 26, 2012, which indicates that Claimant had chronic lower back pain, hip pain, and knee pain due to osteoarthritis. (AR 19, 291.) Dr. Hoang opined that Claimant could not stand or sit down in any position for more than 15 minutes without experiencing pain. Nonetheless, Dr. Hoang only prescribed NSAID drugs, muscle relaxants, and physical therapy. (AR 19.) Dr. Hoang also indicated Plaintiff had difficulty focusing because of pain. (AR 19.)

The ALJ gave no weight to Dr. Hoang's statement because it is inconsistent with objective records, which indicate significant improvements in Plaintiff's knee. The ALJ found that Plaintiff was doing well after her April 26, 2012 arthroscopy with no evidence of neurological deficits or knee instability. (AR 19.) Plaintiff showed improvement with no swelling and only slight to moderate tenderness. (AR 338.) Plaintiff also was noted to be doing well on stairs and balance therapy, with the swelling and tenderness down to "slight." (AR 338.) Significantly, she was observed ambulating unassisted and independently throughout. (AR 19.) Imaging of Claimant's lumbar spine showed no more than mild pathology. (AR 19.) An examination of Plaintiff's back showed "full range of motion, no tenderness, palpable spasm or pain on motion." (AR 558.) Dr. Hoang's finding that Plaintiff had difficulty focusing because of pain is also not supported by the record, which does not contain any abnormal mental findings. (AR 19.) An ALJ may discredit a treating physician's opinion that is unsupported by the record as a whole or by objective findings. Batson v. Comm'r, 359 F.3d 1190, 1195 (9th Cir. 2004). Plaintiff does not discuss the above evidence, especially the evidence of improvement.

In a March 18, 2013 statement (AR 818-825), Dr. Hoang limited Plaintiff to two hours sitting total and moderate upper extremity limitations for manipulative activities. (AR 19.) Again, the ALJ found no evidence or objective findings to support these exertional, postural and manipulative limitations, or limitations on bilateral upper extremities. (AR 19.) In an April 11, 2014 letter (AR 1030-31), Dr. Hoang indicated that Plaintiff is unable to hold her neck in a constant position for a prolonged period of time but again the ALJ found little objective evidence to support any limitation regarding Plaintiff's neck or spine. (AR 20.) Dr. Hoang's opinions were further undermined by the opinion of Plaintiff's other treating physician, orthopedic surgeon Dr. Philip Hill. (AR 20.) The contradictory opinions of other physicians provide specific, legitimate reasons for rejecting a physician's opinion. Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001). Dr. Hill found that Plaintiff had moderate tenderness and swelling in the right knee, but noted that Claimant could ambulate effectively without an assistive device. (AR 20.) He also noted that Claimant's pain was relieved completely with pain medication. (AR 20.) Impairments that can be controlled effectively with medication are

not disabling. Warre v. Comm'r of Soc. Sec., 439 F.3d 1001, 1006 (9th Cir. 2006). Dr. Hill indicated that Claimant could stand and walk one hour and sit for eight hours in a workday. (AR 20.) He provided no lifting or carrying restrictions. (AR 20.)

The ALJ gave Dr. Hill some weight because his functional assessments are largely in line with the objective evidence, but not great weight. (AR 20, 304-311.) Dr. Hill precluded Claimant from kneeling and stooping. (AR 20.) The ALJ, however, rejected Dr. Hill's complete preclusion from kneeling and stooping as overly restrictive in view of Claimant's adequate range of motion of the right knee, mild left knee problem, and activities of daily living. (AR 20.) The activities of daily living include aquatic exercises three times a week, Zumba, and riding a stationary bike twice a week for 45 minutes. (AR 16.) There are also repeated findings that she was able to ambulate effectively and independently without an assistive device. (AR 17, 18, 20.) An ALJ may reject a physician's opinion that is contradicted by a claimant's own admitted or observed abilities. Bayliss, 427 F.3d at 1216. Plaintiff contends that these activities do not prove she can work, but they do suggest Claimant has greater functional abilities than alleged. See Valentine v. Commm'r, 574 F.3d 685, 694 (9th Cir. 2009).

Plaintiff disagrees with the ALJ's rejection of the opinion of Dr. Hoang and Dr. Hill's complete preclusion of kneeling and stooping, but it is the ALJ's responsibility to resolve conflicts in the medical evidence. Andrews, 53 F.3d at 1039. Where the ALJ's interpretation of the record is reasonable as it is here, it should not be second-guessed. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

The ALJ properly rejected the opinions of Dr. Hoang and Dr. Hill for specific, legitimate reasons supported by substantial evidence.

**II. THE ALJ PROPERLY DISCOUNTED THE SEVERITY OF PLAINTIFF'S SUBJECTIVE SYMPTOMS**

Plaintiff contends that the ALJ erred in discounting the severity of Plaintiff's subjective symptoms.

### A. Relevant Federal Law

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged. Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen, 80 F.3d at 1281-82 esp. n.2. The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because they are unsupported by objective medical evidence. Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345. If the ALJ finds the claimant's pain testimony not credible, the ALJ "must specifically make findings which support this conclusion." Bunnell, 947 F.2d at 345. The ALJ must set forth "findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." Thomas, 278 F.3d at 958; see also Rollins, 261 F.3d at 856-57; Bunnell, 947 F.2d at 345-46. Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of a claimant's symptoms only by offering "specific, clear and convincing reasons for doing so." Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722. The ALJ must identify what testimony is not credible and what evidence discredits the testimony. Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

### B. Analysis

In determining Plaintiff's RFC, the ALJ concluded that Plaintiff's medically determinable impairments reasonably could be expected to cause her alleged symptoms. (AR 16.) The ALJ, however, also found that Plaintiff's statements regarding the intensity, persistence, and limiting effects of these symptoms are "not entirely credible," to the extent inconsistent with the ALJ's assessed RFC. (AR 16, 21.) Because the ALJ did not make any finding of malingering, he was required to provide clear and convincing reasons supported by substantial evidence for discounting Plaintiff's credibility. Smolen, 80 F.3d at 1283-84; Tommasetti v. Astrue, 553 F.3d at 1035, 1039-40 (9th Cir. 2008). The ALJ did so.

First, the ALJ found that the severity of Plaintiff's subjective symptoms was unsupported by the objective medical evidence. (AR 21.) An ALJ is permitted to consider whether there is a

lack of medical evidence to corroborate a claimant's alleged symptoms so long as it is not the only reason for discounting a claimant's credibility. Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005). As already noted, the ALJ's RFC is consistent with Dr. Hill's assessment except for two limitations that the ALJ did not accept.

Second, Plaintiff received conservative treatment for her left knee pain in the form of a muscle relaxant, over the counter anti-inflammatories, and icing the affected area. (AR 18, 19.) An ALJ may consider conservative treatment in evaluating credibility. Tommasetti, 533 F.3d at 1039.

Third, Dr. Hill found the Claimant's pain was relieved completely with pain medication. (AR 20.) Impairments that can be controlled effectively with medication are not disabling. Warre, 439 F.3d at 1006.

Fourth, the ALJ found that Claimant's activities of daily living are inconsistent with disabling symptoms (AR 16), which is a legitimate consideration in evaluating credibility. Bunnell, 947 F.2d at 345-46. Here, the ALJ found that Plaintiff was able to do aquatic exercises three times a week, exercise four times a week, and do Zumba after weight loss surgery and despite claims of joint and back pain. (AR 16.) Claimant also reported she rode a stationary bike twice a week for 45 minutes, which shows greater physical abilities and functioning than claimed by Plaintiff. (AR 16.) The ALJ found these activities inconsistent with disabling symptoms but within the ALJ's RFC. (AR 16.) The ALJ also found that Claimant's ability to participate in the above activities undermined her credibility. (AR 16.)

Plaintiff disputes the ALJ's adverse credibility finding, but again it is the ALJ who has the responsibility to resolve ambiguities in the record. Andrews, 53 F.3d at 1039. Where the ALJ's interpretation of the record is reasonable as it is here, it should not be second-guessed. Rollins, 261 F.3d at 857.

The ALJ discounted the severity of Plaintiff's subjective symptoms for clear and convincing reasons supported by substantial evidence.

\* \* \*

The ALJ's RFC is supported by substantial evidence. The ALJ's nondisability determination is supported by substantial evidence and free of legal error.

## ORDER

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

DATED: March 23, 2016  /s/ John E. McDermott
JOHN E. MCDERMOTT
UNITED STATES MAGISTRATE JUDGE